UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT FRENCH,
an individual,

        Plaintiff,

v.

NEWREZ LLC,
d/b/a SHELLPOINT MORTGAGE
SERVICING,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
EQUIFAX INFORMATION SERVICES LLC,
a foreign limited liability
company,

        Defendants.
_____/

Case No.:

## COMPLAINT

**COMES NOW**, Plaintiff, ROBERT FRENCH (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby file this Complaint against Defendants, NEWREZ LLC, d/b/a SHELLPOINT MORTGAGE SERVICING (hereinafter, "Shellpoint"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1

1. This is an action brought by Plaintiff, an individual consumer, for damages for Shellpoint's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Shellpoint incorrectly credit-reported and subsequently verified incorrect reporting concerning a mortgage loan account on Plaintiff's consumer credit reports and consumer credit files as maintained by Experian, Equifax, and Trans Union.

2. More specifically, despite Plaintiff selling his property and fully satisfying the outstanding balance of the mortgage loan—eliminating all sums owed to on the mortgage loan—and despite Plaintiff repeatedly disputing Defendants' reporting of such erroneous information directly to Defendants, Defendants continued to report a Shellpoint account allegedly related to the original mortgage loan as past due and with incorrect, inaccurate or unverifiable balances and statuses that did not accurately the circumstances of the account, in violation of the FCRA.

3. Similarly, this is an action brought by an individual consumer for damages for Experian and Equifax's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Experian and Equifax failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Experian and Equifax—with respect to the account furnished by Shellpoint —following the payment of the balance.

4. More specifically, Experian and Equifax inaccurately, incompletely, and

misleadingly credit reported the tradeline account furnished by Shellpoint as past due and with incorrect, inaccurate or unverifiable balances and statuses that did not accurately the circumstances of the account on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Experian and Equifax despite Plaintiff fully satisfying the balance via payoff.

## JURISDICTION, VENUE & PARTIES

5. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq.*

6. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District.

8. At all material times herein, Plaintiff is a natural person residing in Lee County, Florida.

9. At all material times herein, Shellpoint is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 1100 Virginia Drive, Suite 125, Fort Washington, Pennsylvania 19034.

10. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

11. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

## FCRA STATUTORY STRUCTURE

12. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

13. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

14. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

15. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the

consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

16. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

17. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

18. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not

more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

19. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

20. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual.

21. At all material times herein, Defendants credit report information concerning a mortgage loan account furnished by Shellpoint and referenced by account number ending in - 3597 (hereinafter, the "Mortgage Account").

22. At all material times herein, Shellpoint is a "person" that furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

23. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary

compensation.

24. At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

25. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### The Mortgage Account and Payment of the Same

27. On or about August 9, 2006, Plaintiff purchased a property located at or about 1022 SW 9th Avenue, Cape Coral, Florida 33911 (hereinafter "Property") and financed such purchase via a mortgage and note obligation in favor of Countrywide Bank, N.A.

28. Plaintiff made payment on the original mortgage account until he decided to sell the Property.

29. On or about February 13, 2017, Plaintiff sold the Property to Marsh Road

Development LLC via an arms-length transaction (hereinafter, "Sale" or "Closing") that was not a short-sale.

30. On or about February 21, 2017, incident to the Sale, a settlement statement was produced by Title Junction LLC (hereinafter "Settlement Statement")

31. The Settlement Statement for the Closing reflected that Title Junction LLC received a payoff on the mortgage for the outstanding amount in the amount of $119,867.31.

32. The Sale was not a short sale and was not a settlement, instead Plaintiff paid the original mortgage in full by funds generated from the Sale.

33. As such, as of February 21, 2017, Plaintiff no longer personally owed any balance on the original mortgage, the status of the original mortgage was current, and the original mortgage was paid in full.

34. As of February 2017, all parties to the original mortgage possessed knowledge that the Mortgage Account bore a zero balance and was not past due.

## Credit Reporting of the Mortgage Account

35. During or about December 2023, Shellpoint began reporting an outstanding debt (i.e. the "Mortgage Account") in the amount of $28,838 as past due regarding the Property Plaintiff sold and paid off in 2017 to Experian, Equifax, and Trans Union.

36. More specifically, Experian, Equifax, and Trans Union each reported the Mortgage Account as an open mortgage account with a balance due of $28,209.00 and

past due of $28,369.00.

37. After the date of Plaintiff's full payment of the Mortgage Account, Experian, Equifax, and Trans Union prepared and published Plaintiff's credit information to his current creditors and potential lenders which included the Mortgage Account with the inaccurate, incomplete, and/or misleading statuses and comments reported prior to March 6, 2024.

### Plaintiff's December 2023 Dispute

38. During or about December 2023, Plaintiff disputed the reporting of the Mortgage Account to Experian, Equifax, and Trans Union (hereinafter, "December 2023 Dispute").

39. Plaintiff's December 2023 Dispute advised Defendants that the Mortgage Account was paid in full on February 21, 2017, that the Mortgage Account balance was zero, that the status should reflect paid in full, and that the pay status of the Mortgage Account was not past due.

40. Experian received Plaintiff's December 2023 Dispute.

41. Experian failed to correct its reporting of the Mortgage Account.

42. Equifax received Plaintiff's December 2023 Dispute.

43. Equifax failed to correct its reporting of the Mortgage Account.

44. Trans Union received Plaintiff's December 2023 Dispute.

45. Trans Union deleted its reporting of the Mortgage Account.

### Plaintiff's March 2024 Dispute

46. On or about April 5, 2024, Plaintiff sent a written dispute letter to Experian and Equifax with the assistance of his attorney, disputing Defendants' reporting of the Account (hereinafter, "March 2024 Dispute").

47. Plaintiff's March 2024 Dispute again advised Defendants that the Mortgage Account was paid in full on February 21, 2017, that the Mortgage Account balance was zero, that Plaintiff did not owe any money to Shellpoint, and that the pay status of the Mortgage Account was not past due.

48. Plaintiff's Second Dispute was signed by Plaintiff and enclosed the Assignment of the Mortgage and the relevant payoff documents regarding the original mortgage.

49. Experian received Plaintiff's December 2023 Dispute.

50. Experian communicated Plaintiff's December 2023 Dispute to Shellpoint.

51. Experian responded to Plaintiff's December 2023 Dispute, purportedly verifying its reporting of the Mortgage Account.

52. Equifax received Plaintiff's December 2023 Dispute.

53. Equifax communicated Plaintiff's December 2023 Dispute to Shellpoint.

54. Equifax responded to Plaintiff's December 2023 Dispute, purportedly verifying its reporting of the Mortgage Account.

55. During or prior to July 2024, Plaintiff *again* disputed the reporting of the Mortgage Account to Experian and Equifax.

56. Plaintiff *again* advised Defendants that the Mortgage Account was paid in full on February 21, 2017, that the Mortgage Account balance was zero, that the status should reflect paid in full, and that the pay status of the Mortgage Account was not past due.

57. Equifax purportedly verified its reporting of the Mortgage Account.

58. Experian purportedly verified its reporting of the Mortgage Account.

59. Additionally, Plaintiff was evaluated for credit via account review inquiries by her existing creditors and such reviews resulted in credit decisions based, at least in part, upon inaccurate Mortgage Account information contained on her Equifax, Experian, and Trans Union consumer credit reports, which were accessed as part of the reviews.

60. Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorney a reasonable fee for their services.

61. As a result of Defendant's reporting of the Account, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting.

62. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would continue to be evaluated for mortgage financing and other credit upon the erroneous and incorrect reporting and that Plaintiff would instead pay

higher interest rates in the event he could obtain financing. Plaintiff suffered additional actual damages in the form of damage to her reputation, and upon information and belief—higher credit costs, and other additional costs and fees.

63. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

### COUNT ONE:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)
(Against Equifax and Experian)

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows.

64. Equifax and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

65. Specifically, Equifax and Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving each of Plaintiff's disputes including Plaintiff's December 2023 Dispute and April 2024 Dispute.

66. For example, despite Plaintiff providing Equifax and Experian with the

date of the Sale of the Property, the amount of the payment, and the documents regarding the payoff of the original mortgage, Equifax and Experian did not undertake any investigation to request or review the Mortgage Account history or inquire whether the reported balance, pay status, or assignment was accurate.

67. Even though Plaintiff's April 2024 Dispute attached proof from the Settlement Statement proving that the original mortgage was paid in full— Equifax and Experian failed to conduct any meaningful investigation about whether the Mortgage Account was paid in full or not delinquent, and instead each continued to inaccurately report the Mortgage with inaccurate, false, misleading, or unverifiable information.

68. Such reporting is false and evidences Equifax and Experian's failure to conduct reasonable reinvestigations of Plaintiff's disputes.

69. Equifax and Experian's reinvestigation of Plaintiff's disputes (if any) were not conducted reasonably.

70. Equifax and Experian's reinvestigations merely copied and relied upon the inaccurate account information conveyed by Shellpoint about the Mortgage Account.

71. Equifax and Experian's reinvestigation of Plaintiff's disputes (if any) were not conducted in good faith.

72. Equifax and Experian's reinvestigation procedures are unreasonable.

73. Equifax and Experian's reinvestigation of Plaintiff's disputes (if any) were

not conducted using all information reasonably available to Equifax and Experian including but not limited to: the original mortgage account history, payment history, proofs of payments received, inquiry of Plaintiff, inquiry of Shellpoint, inquiry of Title Junction LLC, and publicly-available court and public records.

74. Equifax and Experian's reinvestigations were *per se* deficient by reason of these failures in Equifax and Experian's reinvestigations.

75. Equifax and Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION1681i(a)(4)</u>**
**(Against Equifax and Experian)**

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further state as follows.

76. Equifax and Experian are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's Disputes, including all relevant attachments.

77. Specifically, despite receiving Plaintiff's April 2024 Dispute, which contained relevant information concerning the date of the Sale of the Property and the amount of the payment, Equifax and Experian failed to consider the same.

14

78. On Plaintiff's April 2024 Dispute, Equifax and Experian also failed to consider Plaintiff's attached documents regarding the full payoff of the original mortgage, including the Settlement Statement.

79. Equifax and Experian 's failure to review and consider all information received in Plaintiff's Disputes was done in bad faith.

80. Equifax and Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)
### (Against Equifax and Experian)

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows.

81. Equifax and Experian are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes that was inaccurate or that could not be verified.

82. Specifically, despite receiving Plaintiff's April 2024 Dispute, which contained relevant information concerning the date of the Sale of the Property and the amount of the payment, Equifax and Experian willfully and/or negligently failed to

15

update or delete the information on Plaintiff's credit reports with respect to the Mortgage Account that was either inaccurate and could not be verified.

83. Even though Equifax and Experian received Plaintiff's April 2024 Dispute that also attached documents regarding the full payoff of the original mortgage, including the Settlement Statement, Equifax and Experian willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Mortgage Account that was either inaccurate and could not be verified.

84. Equifax and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

85. Equifax and Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

### COUNT FOUR: FAIR CREDIT REPORTING ACT – VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b) (Against Shellpoint)

Plaintiff re-alleges paragraphs one (1) through sixty-three (63) as if fully restated herein and further states as follows.

86. Shellpoint is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing

inaccurate trade-line information within Plaintiff's Credit Reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Mortgage Account on Plaintiff's Credit Reports after investigating Plaintiff's Disputes.

87. As described above, despite receiving notice of Plaintiff's Disputes, Shellpoint willfully and/or negligently reported inaccurate credit information that the Mortgage Account bore an unpaid balance of $28,209.00, a balance past due of $28,369.00, and that the Mortgage Account was 120-days past due.

88. After receiving notice of Plaintiff's Disputes and possessing actual knowledge that the Mortgage Account was not past due and was paid in full at as reflected in the Settlement Statement, Shellpoint nevertheless inaccurately refused to update the balance on the Mortgage account and the Mortgage Account past-due status.

89. The immediately-aforementioned inaccuracies ultimately reflected negatively and adversely on Plaintiff's Experian, Equifax, and Trans Union Credit Report and credit files.

90. Further, Shellpoint reported and communicated the immediately-aforementioned inaccurate information with actual knowledge that Plaintiff had made full payment as listed in his dispute because the same appeared as paid in the records regarding the original mortgage prior to its assignment to Shellpoint.

91. Shellpoint's investigation was not conducted using all information reasonably available to Shellpoint including but not limited to the inquiry of Plaintiff, inquiry of Title Junction LLC, review of its own account notes, prior reporting, account balance, public property records, and records of its own court actions.

92. Shellpoint's investigation was not conducted in good faith because it failed to investigate, consider, and review the aforementioned information and all information reasonably available to Shellpoint.

93. As a result of Shellpoint's conduct, actions, or inactions, Plaintiff was unable to obtain or maintain credit at market rates and terms for individuals who did not have inaccurate non-payment reported on their credit reports.

94. Shellpoint's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

95. Shellpoint's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

  a. Judgment against Defendants for maximum statutory damages for violations of the FCRA;

  b. Actual damages in an amount to be determined at trial;

  c. Compensatory damages in an amount to be determined at trial;

  d. Punitive damages in an amount to be determined at trial;

  e. An award of attorney's fees and costs; and

  f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

*/s/ Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 0125561**
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com

jmurphy@swift-law.com
*Counsel for Plaintiff*

20